UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC and RESCAP LIQUIDATING TRUST, | Civil No. 13-3526 (JRT/JJK) |
| Plaintiffs, | **ORDER** |
| v. | |
| STANDARD PACIFIC MORTGAGE, INC., | |
| Defendant. | |

Anthony Alden, David Elsberg, Erica P. Taggart, Isaac Nesser, and Peter E. Calamari, **QUINN EMANUEL URQUHART & SULLIVAN LLP**, 51 Madison Avenue, 22nd Floor, New York, NY 10010; Donald G. Heeman, Marnie E. Fearon, Richard R. Voelbel, Ryan A. Olson, Jessica J. Nelson, and David L. Hashmall, **FELHABER LARSON**, 220 South 6th Street, Suite 2200, Minneapolis, MN 55402; Jeffrey A. Lipps and Jennifer A. L. Battle, **CARPENTER LIPPS & LELAND LLP**, 280 North High Street, Suite 1300, Columbus, OH 43215, for plaintiffs.

Enza G. Boderone, Philip R. Stein, and Shalia M. Sakona, **BILZIN SUMBERG BAENA PRICE & AXELROD LLP**, 1450 Brickell Avenue, Suite 2300, Miami, FL 33131; Erin Sindberg Porter, Janine Wetzel Kimble, and Jenny Gassman-Pines, **GREENE ESPEL PLLP**, 222 South 9th Street, Suite 2200, Minneapolis, MN 55402, for defendant Standard Pacific Mortgage, Inc.

Plaintiffs Residential Funding Company, LLC ("RFC") and ResCap Liquidating Trust ("ResCap") (collectively, "Plaintiffs") move under Federal Rule of Evidence 702 for an order approving the use of statistical sampling to prove their case at trial. Plaintiffs argue that without the use of sampling, it will be highly burdensome and inefficient to

obtain expert testimony about the mortgage loans RFC purchased from defendant Standard Pacific Mortgage, Inc. ("Standard Pacific") and others. To support their argument for statistical sampling, Plaintiffs seek to admit testimony from Dr. Karl N. Snow, an expert in statistical modeling and sampling.

In a civil case such as this, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). A court will "not ordinarily determine whether a *Daubert* hearing is appropriate until after discovery is completed . . . ." *Brooks v. Lyon County*, No. 06-1089, 2007 WL 1146612, at *1 (D. Kan. April 17, 2007). Given that the parties only recently held the Rule 16 conference with Magistrate Judge Jeffrey J. Keyes, discovery is far from complete in this case.

Although the Court may ultimately agree with Plaintiffs that they may prove their case at trial using statistical sampling, at this point the Court concludes that it is premature to make a determination about the appropriateness of statistical sampling. The Court will not limit Standard Pacific and the defendants in related cases from obtaining discovery to which they have a right under the Federal Rules of Civil Procedure. Indeed, Standard Pacific and similarly-situated defendants will need broad discovery from Plaintiffs in order to assess and perhaps challenge the reliability of the statistical sampling that Plaintiffs propose to do at trial. Therefore, the Court will deny Plaintiffs' motion without prejudice until fact and expert discovery has been completed in accordance with the deadlines set out in the operative scheduling order.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Approve Use of Statistical Sampling [Docket No. 99] is **DENIED without prejudice** until after discovery is completed in accordance with the operative scheduling order.

2. Defendant's Motion to Stay Briefing on Plaintiffs' Motion to Approve Use of Statistical Sampling, or in the Alternative, for Enlargement of Time [Docket No. 109] is **DENIED as moot**.

DATED: December 17, 2014            _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                United States District Judge